**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| DONALD ENCINIAS, SR., § | |
| SHAWN ENCINIAS, AND § | |
| DONALD ENCINIAS, JR., § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. |
| § | |
| GENERAL MOTORS, LLC, § | |
| § | |
| Defendant. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:**

COMES NOW, DONALD ENCINIAS, SR., SHAWN ENCINIAS, AND DONALD ENCINIAS, JR.,(hereinafter referred to as "Plaintiffs"), and respectfully file this Original Complaint against GENERAL MOTORS, LLC (hereinafter referred to as "Defendant"), and in support thereof would state and show the following:

### A. Parties

1. Plaintiff Donald Encinias, Sr., is the surviving spouse of Mary Encinias, deceased. He resides in and is a citizen of Amarillo, Texas.

2. Plaintiffs Shawn Encinias, and Donald Encinias, Jr., are the surviving biological children of Mary Encinias, deceased. They reside in and are citizens of Amarillo, Texas.

3. Defendant General Motors LLC is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its registered

agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street Suite 620, Austin, Texas 78701-4234.

## B. Jurisdiction

4. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## C. Facts

5. On or about July 27, 2013, Mary Encinias was driving a 2006 Chevrolet Cobalt (VIN#1G1AL55F367679731), traveling eastbound on SE 9th Avenue, near S. Fillmore Street in Potter County, Amarillo, Texas. Mary Encinias was struck head-on by a vehicle being driven by Billy Ware.

6. At the time of the accident, Mary Encinias was properly seated and wearing her 3-point seat belt.

7. However, despite being properly restrained, Mary Encinias sustained fatal injuries when her vehicle failed to protect her.

## D. Cause(s) of Action As To Defendant General Motors LLC.

8. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

9. The injuries occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable,

accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident like occurred herein.

10. Defendant designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew the following defects:

   a. the side structure is weak, inadequate and structurally insufficient;
   b. the side structure fails to have proper side impact protection;
   c. the side structure fails to have an adequate side impact/side door intrusion bean;
   d. the side structure violated principles of crashworthiness by not maintaining survival space, not providing proper restraint and not providing proper energy distribution;
   e. the vehicle fails to contain sill override guard;
   f. the vehicle fails to contain side head and torso bags or side curtain airbags.

11. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiff's damages.

12. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Mary Encinias fatal injuries.

### E. Damages to Plaintiffs

13. As a result of the acts and/or omissions of the Defendant, Plaintiffs have suffered past and future: loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the death of Mary Encinias.

14. As a result of the acts and/or omissions of the Defendant, Plaintiff Donald Encinias, Sr., has become obligated to pay reasonable and necessary funeral and burial expenses as a result of the fatal injuries to Mary Encinas

15. The above and foregoing acts and/or omissions of the Defendant, resulting in the fatal injuries to Mary Encinas, have caused actual damages to Plaintiffs in excess the minimum jurisdictional limits of this Court.

### F.  Prayer

16. For the reasons presented herein, Plaintiffs pray that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against Defendant for:

   a. economic and non-economic damages;
   b. prejudgment and post-judgment interest beginning July 27, 2013;
   c. costs of suit; and
   d. all other relief the Court deems proper.

Respectfully submitted,

**The TRACY firm**

 s/E. Todd Tracy_____
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
Stewart Matthews
State Bar No. 24039042
smatthews@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, TX  75231
(214) 324-9000 Phone
(972) 387-2205 Fax

**ATTORNEYS FOR PLAINTIFFS**